MARION B. P. WILSON, RESPONDENT, _v._ CYRUS B. LAW-RENCE, INTERPLEADED WITH THE CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, APPELLANT.

_Policy upon life of husband for benefit of wife — not assignable by her — Chap._ 277 _of_ 1840.

A life insurance company issued a policy of insurance upon the life of plaintiff's husband, payable at his death to her, her executors, administrators or assigns, the policy reciting the payment of the first premium therein by her. In fact, the policy was issued upon the application of the husband and the first, and all subsequent premiums were paid by him.

_Held_, that the policy was designed as a provision for the support of the wife during widowhood, and was within the equity of the statute in regard to insurances effected by husbands for the benefit of their wives and children (chap. 277 of 1840, and the acts amendatory thereof); and that an assignment thereof, made prior to the passage of chapter 21 of 1873, was void and incapable of enforcement.

APPEAL from a judgment entered on the decision of the late Mr. Justice RAWSON, at the Ontario Special Term.

Action to recover $2,500 upon a policy issued by the Connecticut Mutual Life Insurance Company, upon the life of the plaintiff's husband. He died on the 12th September, 1875. Pursuant to an order of the court, the insurers, who were originally made defendants, deposited the money in court, and the present defendant, Lawrence, who claims under an assignment from the plaintiff, was substituted in their place. The contest is between him and the plaintiff; she claiming that the assignment was procured by coercion, and also that it is void on the ground that her interest in the policy was not assignable. The judge at Special Term found that the assignment was not procured by coercion, but he held the assignment void on the ground that the plaintiff's interest was not assignable, and he ordered judgment for the plaintiff, entitling her to the money paid into court.

*H. M. Field*, for the appellant.

*R. P. Willson*, for the respondent.

SMITH, J.:

When this case was before the court on a former appeal (8 Hun, 593), the fact had been found that the consideration for the assignment of the policy to the defendant was $2,000, received by the plaintiff and her husband. Upon that state of facts it was held that a restitution of the policy to her, and a cancellation of the assignment, ought not to be decreed by a court of equity without requiring her to restore the money so received by her.

At the second trial, now under review, it was found that nothing was paid to the plaintiff, and that the only consideration for the assignment was the cancellation and delivery to the plaintiff's husband, of his promissory notes for $2,000, held by the defendant. Upon this showing, it is claimed on the part of the respondent that she is entitled to the relief asked, without restoring to the defendant that which he parted with. In our opinion, the equity of the case is not changed by the findings. The uncontradicted evidence shows that the plaintiff signed and acknowledged the assignment, and put

it in her husband's hands, at his request, to enable him to deliver it to the defendant in payment and satisfaction of his debt. The judge found that she was not induced to assign the policy by fraud, undue influence, or coercion. She voluntarily gave to her husband the control of the policy for his accommodation, to pay his debt to the defendant. Although the assignment was directly from the plaintiff to the defendant, that was but the form of the transaction adopted by her and her husband to enable him to effect his purpose. In short, her husband was the principal actor in the transaction with the defendant, and she advanced a part of her separate estate, at his request, to pay his debt, and for such advance she has in equity a claim against his estate. Inasmuch, therefore, as her principal could not cancel the transaction without restoring what he received under it, she is bound by the same rule, and is not entitled as matter of equity to a cancellation of the assignment, unless that which the defendant parted with is restored to him.

These equitable considerations are of no moment, however, if, as the respondent's counsel contends, the assignment was absolutely void. It is insisted that the policy was a special provision made by the husband for his wife's support during widowhood, under the statute of 1870 (chapter 277), and the several acts amending it, and, therefore, was not assignable by him, according to the construction given to that legislation by the courts. This claim presents the principal question in the case, and one not free from difficulty.

The assignment in this case was executed the 2d April, 1873. The act of 1840, as amended by several statutes prior to that date (Laws of 1858, chap. 187; 1862, chap. 70; 1866, chap. 656; 1870, chap. 277), enabled a married woman to cause to be insured, for her sole use, the life of her husband, for any definite period, or for the term of his natural life. The insurance might be effected by herself, and in her name, or in the name of any third person, with his assent, as her trustee. In case of her surviving such period or term, the policy money would be payable to her, to and for her own use, free from the claims of the representatives or creditors of the husband, or any party claiming under him. But such exemption would not apply to the excess over $500 of the premium paid in any year out of the property or funds of the husband; such excess, with the interest thereon, would inure to the benefit of the husband's credi-

tors. (Laws 1870, chap. 277.) The second section provided that the amount of the insurance might be made payable, in case of the death of the wife before the period at which it should become due, to her husband, or to his, her or their children, for their use, as should be provided in the policy of insurance, and to their guardian, if under age. (Laws 1866, chap. 656.) The Court of Appeals has held, in two separate cases, that a policy issued under that act, for the benefit of a wife, or, in case of her dying before her husband, of her children, is not assignable by her during the life of her husband. The first case (*Eadie* v. *Slimmon*, 26 N. Y., 9) was decided in 1862. The policy bore date 6th of May, 1852. The report of the case does not show that the policy referred, in terms, to the act of 1840, but its provisions for payment to the wife, for her use, or in case of her death before her husband, to her children, for their use, or to their guardian, if under age, showed clearly that it was framed in view of the statute. The other case (*Barry* v. *Brune and ano.*, 59 id., 587) was decided in 1875. The policy was issued in 1868, in conformity with the act, as was found by the trial court. Those cases furnish the rule of law for our guidance, and the only question remaining is, whether the policy in this suit was made under the act of 1840. It does not refer to the act, in terms, and its only provision respecting payment is that the company will pay to the assured (the plaintiff), her executors, administrators or assigns. The policy purports to be a contract with the wife, and it recites the payment of the first premium by her. On its face, it is a policy which would have been valid at common law, which recognized an insurable interest of a wife in the life of her husband. But the court found, on the last trial, that the policy was issued upon the application of the husband, and that he paid all the premiums. Those circumstances, and the fact that the policy was not payable till his death, warranted the further finding of the trial court, that the husband designed the policy as a provision for the support of the plaintiff during widowhood. The policy is, therefore, to be regarded as within the equity of the statute, and consequently not assignable. The circumstance that the policy made no provision for children, does not militate against the idea that it was made in view of the statute, as there is no evidence that the plaintiff or her husband had children. These views do not conflict with the decision

on the first appeal, as it there appeared that the premiums were paid by the wife.

It seems that by an amendment passed 23d of June, 1873 (L. 1873, ch. 821), a policy issued under the act of 1840 may now be transferred by the wife, by will or deed duly acknowledged, in case she has no child or issue of a child. But as that act was passed subsequently to the execution of the assignment to the defendant, it does not affect the present case.

A point is made that the order of substitution having been made without notice to the defendant was void, and the court had no jurisdiction. At most, the order was irregular. The defendant waived the irregularity by appearing and answering, and so this court held on the former appeal.

We think the judgment should be affirmed, with costs.

MULLIN, P. J., and TALCOTT, J., concurred.

Judgment affirmed, with costs.